IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GRENVILLE DIVISION

| | |
|---|---|
| In re Receiver for Scott A. Kohn, Future Income Payments, LLC, Joseph P. Hipp, Kraig S. Aiken, and David N. Kenneally, | Civil Action No. 6:19-cv-01112-BHH |

**NON-PARTY DAVID VALENCIA'S OBJECTION AND
RESPONSE TO ORDER TO SHOW CAUSE**

Non-party David Valencia ("Valencia") respectfully submits this objection and response to the Order to Show Cause, entered by the Court on October 2, 2019 (ECF #14), stating as follows.

## INTRODUCTION

This matter involves the alleged participation and purported ill-gotten money received by non-party Valencia in a fraudulent investment scheme orchestrated by various other individuals and entities, including Future Income Payments, LLC ("FIP"), Scott Kohn, Joseph P. Hipp, Kraig S. Aiken, and David N. Kennedy. A Receiver has been appointed by this Court. (ECF #9).

Notwithstanding the Receiver's attempt to establish *in rem* jurisdiction over property in Wisconsin, this Court lacks personal jurisdiction over Valencia himself because the Receiver failed to properly serve Valencia with process or otherwise establish that personal jurisdiction over Valencia exists. The Receiver did not serve a Fed. R. Civ. P. 45 subpoena on Valencia. Nor has any adversary proceeding been commenced against him. Accordingly, without proper due process and the establishment of personal jurisdiction, Valencia, who resides in Wisconsin, was (and is) under no obligation to produce documents or information to the Receiver in this District of South Carolina proceeding at this time.

# FACTS

Valencia is a non-party, who resides in Wisconsin. He has no ties to South Carolina. On June 6, 2019, counsel for the Receiver sent a letter to Valencia in Oshkosh, Wisconsin, stating: "I am reaching out to you in hopes of reaching a resolution with regard to the repayment of funds that you or your company received from Kohn/FIP;" and "[i]f we do not hear from you, we will seek relief in the United State District Court, District of South Carolina for the repayment of monies you or your company received from Kohn/FIP."[1] This was the first communication Valencia received on behalf of the Receiver.

On June 25, 2019, counsel for the Receiver sent a second letter to Valencia, in Wisconsin, stating, "I am writing one last time in order to reach possible resolution before I will seek relief in the United States District Court for repayment of all monies *Paramount Financial Services, Inc.* received from Scott Kohn and/or Future Income Payments, LLC." (ECF #10-1) (emphasis added). Notably, Valencia has no connection to Paramount Financial Services, Inc. and did not receive monies from Paramount Financial Services. Additionally, Valencia was never served with a subpoena pursuant to Rule 45.

On September 13, 2019, the Receiver filed a "Petition for a Rule to Show Cause" (the "Petition"), petitioning the Court for a Rule to Show Cause why Valencia "should not be required to respond to and engage in *discovery* with the Receiver . . . ." (ECF #10, at p.1) (emphasis added). The Petition states "[t]he Receiver has made numerous demands for information with no response from Valencia." *Id.* Again, Valencia was never served with a Rule 45 subpoena to produce documents. Furthermore, Valencia was not personally served with a copy of the Petition, and the Receiver has not filed an adversary proceeding against

---

[1] A copy of that letter was attached to the Petition for a Rule to Show Cause, as its Ex. A. (ECF #10-1).

Valencia. While Valencia acknowledges his wife received some papers from a process server (ECF #11) purporting to contain the Petition, Valencia's wife is not a party to this action. Further, the papers received by Valencia's wife did not include a Summons, Adversary Complaint, or Rule 45 Subpoena. (*See* ECF #11-1).

On October 2, 2019, the Court entered an Order to Show Cause as to Valencia (ECF #14), stating: "Valencia shall provide this Court all written documentation or evidence as to why he should not be required to respond to and engage in discovery with the Receiver regarding the approximately $1.2M in ill-gotten money he allegedly received from a fraudulent investment scheme orchestrated and carried out by Kohn, FIP and others." Counsel for the Receiver mailed a copy of that Order to Valencia, in Wisconsin, on October 2, 2019, purporting to "serve" Valencia with the Order. The mailing of the order was not sufficient to convey personal jurisdiction over Valencia.

Even if the Receiver may have jurisdiction concerning assets belonging to the receivership (which is not conceded), it is clear the Receiver and this Court do not have personal jurisdiction over Valencia, individually, by virtue of the Receiver's actions in this case. Accordingly, Valencia objects and responds to the Show Cause Order as follows.[2]

## ARGUMENTS AND AUTHORITIES

The Receiver had two methods to properly obtain discovery from Valencia, including obtaining personal jurisdiction over him: (1) serve a Rule 45 subpoena on Valencia; or (2) file (and served) an ancillary proceeding against him. The Receiver did neither here.

Pursuant to 28 U.S.C. § 754, Congress authorized federal receivers broad powers in administering, retrieving, and disposing of assets belonging to the receivership "situated in

---

[2] If the Receiver sends appropriate requests with appropriate process, Valencia acknowledges a response would be required and is willing to do so. Counsel is willing to accept service of same.

different districts." 28 U.S.C. § 754. Section 754 "extends the receiver's jurisdiction to civil actions or proceedings *involving* property, real, personal, or mixed," and "gives the receiver complete jurisdiction over all involved property and the right to take possession of it." *U.S. Small Bus. Admin. v. Cottonwood Advisors, LLC,* No. 3:12–CV–1222–K, 2012 U.S. Dist. LEXIS 172345, at *6, 2012 WL 6044843 (N.D. Tex. Dec.4, 2012) (emphasis added).

28 U.S.C. § 1692 extends "the territorial jurisdiction of the appointing court . . . to any district of the United States where property believed to be that of the receivership estate is found, provided that proper documents have been filed in each such district as required by § 754." *SEC v. Ross*, 504 F.3d 1130, 1146 (9th Cir. 2007); *accord SEC v. Bilzerian*, 378 F.3d 1000, 1104 (D.C. Cir. 2004). The Receiver is subject to the following filing requirements: Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in the district. 28 U.S.C. § 754.

Importantly, it is well-settled that to claim funds held by a third party, the receiver must bring an ancillary suit, rather than a summary proceeding. *See*, *e.g.*, *Am. Brake Shoe & Foundry Co. v. New York Railways Co.*, 10 F.2d 920, 921 (2d Cir. 1926). Moreover, a plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant. *See, e.g.*, *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

As an initial matter, it is not clear from the record that the Receiver has satisfied the requirements of Section 754. Even if they have been satisfied, however, it still would not be proper to proceed with the discovery requested by the Receiver or commanded by the Court via the Show Cause Order. This is because Valencia, individually, has been denied due process as

the Receiver has not served him with appropriate discovery requests, filed a complaint against him, or properly served him under Rule 4 of the Federal Rules of Civil Procedure.

In filing the Petition, the Receiver put the cart before the horse. He never issued appropriate discovery to Valencia, nor filed an adversary proceeding. Indeed, the Petition concedes as much. Specifically, in the Petition, the Receiver cites its right to "initiat[e] actions against individuals or companies that have received monies or assets that are traceable to the Ponzi scheme." (ECF #10, at p. 2). As authority for its position, the Receiver references cases concerning the claw back of funds—not pre-petition discovery. (ECF #10, at pp. 3-4). By the express language of the Petition, the Receiver claims that he simply "wishes to engage in discovery regarding Valencia's receipt, use, and status of [payments from the FIP Receivership Entities]." *Id.* at p. 3.

The Receiver has not taken the proper methods for doing such by filing an action or issuing appropriate requests under the Rules of Procedure. The Receiver's future intent to file an action—***subsequent to such discovery***—is irrelevant. Valencia is a non-party over whom jurisdiction has not been obtained unless and until an adversary proceeding is filed and served, or a Rule 45 subpoena is filed and served. Personal jurisdiction to respond to the Receiver's discovery demands have not been conferred by virtue of the Section 748 filings and service of the Petition (to the extent it was proper). *See* Fed. R. Civ. P. 4(k)(1)(D); *see also Ross*, 504 F.3d at 1140 ("The power to exercise jurisdiction nationwide is not self-executing."); *Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 218-19 (S.D.N.Y. 2019) (holding service of process is mandatory for personal jurisdiction, and refusing to hold defendant in contempt); *Bilzerian*, 378 F.3d at 1103. ("Without proper service of process, the Court does not have personal jurisdiction[.]").

The Ninth Circuit's decision in *SEC v. Ross*, is instructive here. In that case, the Ninth Circuit held that the district court lacked personal jurisdiction over a non-party sales agent for a telecommunications company whose business model was a Ponzi scheme; and therefore, the district court erred when it entered an order against the agent to disgorge commissions. *See* 504 F. 3d at 1133. In so holding, the Ninth Circuit was clear that due process considerations are still paramount in receiverships. *Ross* requires that a receiver have full *in personam* jurisdiction if it is going to adjudicate issues of "substantive liability," and the Ninth Circuit found that summary proceedings were inappropriate where the SEC's disgorgement motion was premised on illegal behavior by the non-party against which the motion had been brought. *Id.* at 1133-34. These same principles are applicable in this action.

The discovery sought by the Receiver in this case is ultimately intended to effect disgorgement of monies Valencia allegedly received from Kohn/FIP in this matter. (*See, e.g.*, ECF #10-1) ("If we do not hear from you, we will seek relief in the United State District Court, District of South Carolina for the repayment of monies you or your company received from Kohn/FIP."). As discussed above, the receiver **must** bring an ancillary suit to claw back those funds. *See, e.g., Am. Brake Shoe & Foundry Co. v. New York Railways Co.*, 10 F.2d 920, 921 (2d Cir. 1926). But even if the Receiver were simply seeking discovery (and not disgorgement), he cannot simply accomplish through the Petition. Personal jurisdiction over Valencia is still required as are the proper methods for obtaining same. Valencia has not been ruled a judgment debtor in any lawsuit or proceeding concerning FIP, and it retains its procedural due process rights.

To the extent the Receiver intends to rely upon service of the Petition on Valencia's wife, it is not clear at this time that service was either proper or appropriate. It is clear from the process

server's affidavit that he knew personal service on Valencia was necessary. (ECF #11-1). Regardless, no summons was ever provided to either Valencia or his wife. Absent the service of summons or a complaint or a properly served Rule 45 non-party Subpoena, this Court lacks personal jurisdiction over Valencia. *See, e.g.,* WIS. STAT. §§ 801.05 (explaining a Wisconsin court obtains personal jurisdiction over a defendant by proper service of a summons upon the defendant); *Danielson v. Brody Seating Co.*, 71 Wis.2d 424, 429, 238 N.W.2d 531 (1976) ("[t]he service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction . . . ."). This is because any action taken by a court over a defendant not properly served is a deprivation of that defendant's constitutional protection. *See Danielson*, 238 N.W.2d 531. Significantly, a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court; rather, "[s]ervice must be made in accordance with the manner prescribed by statute." *Id*. at 531.

Because the Receiver failed to serve a Rule 45 subpoena or otherwise obtain personal jurisdiction over Valencia, the Show Cause Order should not be enforced against him. Notwithstanding the foregoing, Valencia understands that the Receiver may ultimately establish jurisdiction under the applicable procedural rules. Valencia contends that jurisdiction is improper, at this time, however, and he is unwilling to waive any due process rights or other defenses currently available to him.

## CONCLUSION

For each of the above reasons, this Court lacks personal jurisdiction over Valencia. Unless and until the Receiver properly serves Valencia with appropriate process, Valencia cannot be required (and should not be expected) to participate in discovery demanded by the Receiver.

Respectfully submitted,

*/s/ Zachary L. Weaver*
Zachary L. Weaver (Federal ID: 11818)
GALLIVAN, WHITE & BOYD, P.A.
P.O. Box 10589 (29603)
55 Beattie Place Suite 1200 (29601)
Greenville, SC
(864) 271-9580
(864) 271-7502 (fax)
Greenville, SC   zweaver@gwblawfirm.com

October 25, 2019  *Attorneys for Non-Party David Valencia*