IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR No. 6:19-239 |
| | ) | |
| SCOTT A. KOHN FUTURE INCOME PAYMENTS, LLC; JOSEPH P. HIPP; KRAIG S. AIKEN, AND DAVID N. KENNEALLY | ) ) ) ) | |
| | ) | **SHURWEST LLC'S MOTION TO** |
| Defendants. | ) | **INTERVENE AND MEMORANDUM** |
| | ) | **IN SUPPORT** |
| | ) | |
| | ) | |
| IN Re: RECEIVER FOR SCOTT A. KOHN, FUTURE INCOME PAYMENTS, LLC, JOSEPH P. HIPP, KRAIG S. AIKEN, AND DAVID N. KENNEALLY | ) ) ) ) | |
| | ) | C.A. No. 6:19-cv-01112-BHH |

Pursuant to Federal Rule of Civil Procedure 24, Shurwest LLC ("Shurwest") respectfully moves to intervene in this matter in order to address the issues raised in the "Motion to Clarify or in the Alternative Partially Lift Stay Order and Memorandum in Support" (Doc. 30) filed by non-parties "398 individuals and families across the country"[1] ("Movants"). As set forth below, Shurwest has an interest in this matter and in the Court's ruling regarding the applicability of the Stay Order (Doc. 9), and it therefore respectfully requests that it be permitted to intervene.

**Background**

On January 6, 2020, Movants sought permission to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) and for permissive intervention under Federal Rule of Civil Procedure 24(b), claiming they have a stake in the outcome of this matter. Doc. 30 at 6-10. Movants further sought clarification as to whether the Court's Stay Order applies to cases brought

---

[1] Doc. 30 at p. 2. The identities of the Movants are not disclosed.

by FIP investors who are pursuing their own recovery, separate from the receivership, for harm suffered as a result of the conduct of FIP and other FIP Receivership Entities[2]—namely Melanie Jo Schulze-Miller and MJSM Financial LLC ("MJSM") (the "MJSM Cases"). *Id.* at 2-3.

Shurwest has a vested interest in this Court's decision in connection with the Movants' request and the applicability of the Stay Order to the MJSM Cases; among other things, Shurwest is a party to the MJSM Cases, and plaintiffs in those cases have sought to hold Shurwest liable for the conduct of Schulze-Miller and MJSM. Shurwest provided a Notice of Motion to Intervene (Doc. 31) on January 8, 2020, and it now files its Motion to Intervene and Memorandum in Support. Concurrently herewith and subject to its request to intervene, Shurwest also files its Response to Movants' Motion to Clarify, addressing the substantive issues related to the applicability of the Stay Order.

## **Legal Standard**

Federal Rule of Civil Procedure 24 provides for the intervention of parties upon motion to the Court. Parties may move for intervention as of right pursuant to Rule 24(a)(2) and for permissive intervention pursuant to Rule 24(b).

Rule 24(a) provides that "the court must permit anyone to intervene who[] . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking intervention as a matter of right under Rule 24(a) must meet the following requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to

---

[2] This Motion uses that term as it is defined in the Court's receivership order. Doc. 7 at p. 2.

intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (citing Fed. R. Civ. Proc. 24(a); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)).

Pursuant to Rule 24(b), "the court may permit anyone to intervene who[] . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) "is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *S.C. Elec. & Gas Co. v. Whitfield*, No. 3:18-CV-01795-JMC, 2018 WL 3470660, at *3 (D.S.C. July 18, 2018) (quoting *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012)). "Permissive intervention . . . is appropriate in circumstances in which (1) the application is timely; (2) the moving party's claim or defense and the main action have a common question of law or fact; and (3) the proposed intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 179 F.R.D. 502, 504 (W.D.N.C. 1998) (quoting *Hill v. Western Electric Co.*, 672 F.2d 381, 386 (4th Cir. 1982)).

**Argument and Authorities**

The Court should grant Shurwest's request to intervene in this matter both as of right, pursuant to Rule 24(a), and as permissive intervention pursuant to Rule 24(b).

*1. Shurwest should be granted leave to intervene as of right.*

Shurwest should be granted leave to intervene as of right pursuant to Rule 24(a) because (1) its application to intervene is timely, filed as soon as practicable after Movants' Motion to Clarify, and in the early stages of this receivership proceeding; (2) Shurwest has an interest in the

subject matter of the underlying action because the Stay Order imposed by this Court controls whether other related cases brought against Shurwest (*e.g.*, the MJSM Cases) can proceed or must be stayed; (3) the denial of the motion to intervene would impede Shurwest's ability to protect its interests, both related to this Court's ruling on the applicability of the Stay Order and in the MJSM Cases, in which courts have indicated that the extent of the stay is for this Court to decide[3]; and (4) Shurwest's interest is not adequately represented by the existing parties to the litigation, because neither the receiver nor the FIP Receivership Entities are aligned with Shurwest, and because Movants appear to be aligned with plaintiffs pursuing claims against Shurwest in the MJSM Cases and therefore represent interests adverse to Shurwest's. *See Houston Gen. Ins. Co.*, 193 F.3d at 839 (setting forth Rule 24(a) standard); *Maxum Indem. Co. v. Biddle Law Firm, PA*, 329 F.R.D. 550, 557 (D.S.C. 2019) (granting motion to intervene as of right). Because Shurwest has a vested interest in this Court's ruling on the applicability of the stay—and in fact has a duty to other courts to report on this Court's decision on this matter—it should be granted leave to intervene as of right.

### 2. *Shurwest should be granted permission to intervene.*

Even if the Court finds that intervention as of right is not warranted, Shurwest should still be permitted to intervene pursuant to Rule 24(b) because (1) Shurwest's motion to intervene is timely, as explained above; (2) Shurwest has an interest in clarifying the scope of the Stay Order and therefore seeks to intervene on the same questions of law and fact as are at issue in this proceeding; and (3) the intervention will not unduly delay or prejudice the original parties because

---

[3] *See, e.g.*, *Ciofoletti v. Securian Fin. Grp.*, No. 0:18-cv-03025-JNE-ECW (Doc. 117) (D. Minn. Jan. 21, 2020) (staying case, earlier this week, "pending a decision in the matter *In re Receiver for Scott A. Kohn, Future Income Payments, LLC, et al.*, No. 6:19-cv-1112 (D.S.C.) . . . regarding the reach of a stay issued by that court to the present litigation."). A true and correct copy of that order is attached as Exhibit A.

**SHURWEST LLC'S MOTION TO INTERVENE**
**AND MEMORANDUM IN SUPPORT** Page 4

resolving the question regarding the Stay Order will not prevent the receiver from collecting receivership assets and distributing them to investors. Importantly, none of the other parties to this case (or even to the MJSM Cases) can adequately represent Shurwest's interests in presenting arguments regarding the extent of the stay; among other things, the Shurwest is not aligned with any other party and has potential third-party claims against other FIP Receivership Entities (even though it is prohibited from asserted them pursuant to the Stay Order). *See S.C. Elec. & Gas Co.*, 2018 WL 3470660, at *6 (granting permission for State House Speaker and Senate President to intervene, even where defendants were other state officials and additional state agency and officials intended to submit brief as amici curiae, because defendants and amici curiae could not adequately represent intervenors' interests and lacked the knowledge necessary to advance intervenors' arguments).

For these reasons, and because the Court has "broad discretion" to grant permission to intervene and is required to construe requests "liberally in favor of intervention," Shurwest should be permitted to intervene in this case. *Id.* at *3.

## Conclusion

For the foregoing reasons, Shurwest respectfully requests that it be granted leave to intervene in this case.

Dated: January 24, 2020                    Respectfully submitted,

                                                      /s/ IS Leevy Johnson
IS Leevy Johnson
Johnson Toal & Battiste, P.A.
1615 Barnwell Street
Columbia, S.C. 29292
(803) 252-9700 (o)
(803) 252-9102 (fax)
islj@jtbpa.com

Jason S. Lewis
*Pro Hac Vice Application Filed*
Texas Bar No. 24007551
Jason M. Hopkins
*Pro Hac Vice Application Filed*
Texas Bar No. 24059969
DLA PIPER LLP (US)
1900 N. Pearl St., Ste. 2200
Dallas, Texas 75201
Telephone: 214-743-4546
Facsimile: 972-813-6267
Jason.Lewis@dlapiper.com
Jason.Hopkins@dlapiper.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 24th day of January, 2020, the above-entitled document was served on all counsel of record via the Court's CM/ECF system.

                                                */s/ IS Leevy Johnson*
                                                IS Leevy Johnson