IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR No. 6:19-239 |
| | ) | |
| SCOTT A. KOHN FUTURE INCOME PAYMENTS, LLC; JOSEPH P. HIPP; KRAIG S. AIKEN, AND DAVID N. KENNEALLY | ) ) ) ) | |
| | ) | **SHURWEST, LLC'S RESPONSE TO** |
| Defendants. | ) | **MOTION TO CLARIFY** |
| | ) | |
| ──────────────── | ) | |
| | ) | |
| IN Re: RECEIVER FOR SCOTT A. KOHN, FUTURE INCOME PAYMENTS, LLC, JOSEPH P. HIPP, KRAIG S. AIKEN, AND DAVID N. KENNEALLY | ) ) ) ) | C.A. No. 6:19-cv-01112-BHH |

Shurwest LLC ("Shurwest") respectfully submits this response to the "Motion to Clarify or in the Alternative Partially Lift Stay Order and Memorandum in Support" (Doc. 30) filed by "398 individuals and families across the country"[1] and asks the Court to either (1) confirm that the Court's receivership stay order enjoins cases involving certain receivership defendants from proceeding, or (2) modify the receivership stay to allow two receivership defendants to be added as parties to those cases.

## Summary

Two of the FIP Receivership Entities[2] – Melanie Jo Schulze-Miller and MJSM Financial LLC ("MJSM") – are indispensable parties to cases pending across the country. The Court's receivership order enjoins litigation of cases "involving" FIP Receivership Entities.[3] The Court

---

[1] Doc. 30 at p. 2. The identities of the movants are not disclosed.

[2] This Response uses that term as it is defined in the Court's receivership order. Doc. 9 at p. 2.

[3] Doc. 9 at ¶ 13.

should confirm that these cases are subject to the Court's receivership stay. Alternatively, the Court should modify the stay to allow Schulze-Miller and MJSM to be joined as parties in those cases.

## Facts

Shurwest is an industry-leading independent marketing organization ("IMO"). It markets annuities and insurance products to registered investment advisors and insurance agents on behalf of insurance carriers. Those advisors and agents, in turn, provide financial planning advice and recommendations to their clients, who are generally retail consumers.

Schulze-Miller is a former employee of Shurwest.[4] In the spring of 2016, Schulze-Miller sought approval from Shurwest management to market and promote FIP investment products to Shurwest's clients.[5] After Shurwest management flatly rejected that request, Schulze-Miller surreptitiously formed MJSM.[6] She then established a relationship between MJSM and FIP, and began marketing and promoting FIP products to Shurwest's clients through MJSM.[7] Shurwest had no knowledge of Schulze-Miller's conduct or the formation of MJSM, and all commissions paid by FIP were paid to MJSM, not Shurwest.[8] Shurwest never received a dime from FIP,[9] and it never marketed, sold, or referred any FIP product.

On March 12, 2019, "a federal grand jury indicted FIP and its founder Scott Kohn for conspiracy to engage in wire and mail fraud related to allegations that Kohn and FIP orchestrated

---

[4] Many of the facts in this section are established by a declaration Schulze-Miller signed under penalty of perjury. A true and correct copy of that declaration is attached as Exhibit A.

[5] Exhibit A at ¶ 4.

[6] *Id*. at ¶¶ 5-6.

[7] *Id*. at ¶¶ 7-8.

[8] *Id*. at ¶¶ 9-11.

[9] *Id*.

**SHURWEST LLC'S RESPONSE TO MOTION TO CLARIFY**                                      Page 2

and effectuated a Ponzi scheme."[10]  On April 15, 2019, the Court placed FIP in receivership.[11]  On April 30, 2019, the Court found that Schulze-Miller and MJSM were "entities and individuals controlled by and/or alter egos of" FIP and Kohn,[12] and the Court placed Schulze-Miller and MJSM under the authority of the receiver.

The Court's receivership order contains a broad litigation stay.  It enjoins the prosecution of any action involving receivership property or any FIP Receivership Entity, including Schulze-Miller and MJSM.[13]  It also enjoins "the issuance or employment of process" against any FIP Receivership Entity.[14]

While the Court's receiver is charged with collecting receivership assets and distributing them to investors who suffered from the Ponzi scheme the grand jury found FIP orchestrated, some of those investors have decided to pursue their own recovery.  The following pending cases (collectively, the "MJSM Cases") were all filed by FIP investors:

> *Robert Ayers, et al. vs. Chris Dixon, et al.*; Cause No. 2019-CP-04-00752 in the Court of Common Pleas, Tenth Judicial Circuit in Anderson County, South Carolina;
>
> *Elizabeth Billings, et al. v. Chris Dixon*; Cause No. 2019-CP-04-00479 in the Court of Common Pleas, Tenth Judicial Circuit in Anderson County, South Carolina;
>
> *Elizabeth Burgess v. Edward Storer, et al.*; Cause No. 2018-CP-23-04197 in the Court of Common Pleas, Thirteenth Judicial Circuit in Greenville County, South Carolina;
>
> *Rocco Ciofoletti, et al. v. Shurwest, et al.*; Cause No. 18-cv-03025 in the United States District Court for the District of Minnesota;

---

[10] Doc. 9 at p. 1, n. 1.

[11] *Id*. at p. 1.

[12] *Id*.

[13] *Id*. at ¶ 13.

[14] *Id*.

> *Lora Deretchin, et al. v. Edward Storer, et al.*; Cause No. 2019-CP-23-02042 in the Court of Common Pleas; Thirteenth Judicial Circuit in Greenville County, South Carolina;
>
> *Galen Hess, et al. v. Storer, et al.*; Cause No. 2018-CP-23-04010 in the Court of Common Pleas; Thirteenth Judicial Circuit in Greenville County, South Carolina;
>
> *George Leland, et al. vs. Jay Brown, et al.*; Cause No. CIV-1900627; in the Superior Court of California, County of Marin;
>
> *Emma Angelica McKinnon v. Minnesota Life, et al.*; Cause No. 19ST-CV-21598; in the Los Angeles Superior Court Central District;
>
> *Mara Karzen Metzner v. Anchor Financial, et al.*; Cause No. 2019-CH-01301; in the Circuit Court of Cook County, Illinois, Chancery Division;
>
> *Kolette Page, et al. v. Minnesota Life, et al.*; Case No. 8:18-cv-01208; in the Southern District of California;
>
> *William and Karen Rich v. J. Christopher Dixon, et al.*, Cause No. 2019-CP-0402151; Anderson County Court of Common Pleas for the 10th Judicial Circuit of South Carolina; and
>
> *Dolores Stegelin, et al. v. Dixon, et al.*; Cause No. 2019-CP-4000507; in the Richland County; Court of Common Pleas; Fifth Judicial Circuit.[15]

Despite the facts that (1) "Shurwest management did not know about MJSM," (2) "none of the commission payments flowed through Shurwest," and (3) the entirety of Schulze-Miller's "relationship with FIP and all of the work that [she] did related to FIP was done for MJSM and not for Shurwest,"[16] each of the MJSM Cases names Shurwest as a defendant.[17] The MJSM Cases all allege liability against Shurwest based on Schulze-Miller's conduct. Many of them originally named Schulze-Miller and MJSM as a defendant, though the various plaintiffs have dismissed Schulze-Miller and MJSM in an attempt to avoid the Court's litigation stay.

---

[15] Copies of the live complaint in each of these cases are attached as Exhibits B - M.

[16] Exhibit A at ¶¶ 9-11.

[17] Typically, the cases also name the insurance agent who recommended the FIP product.

**SHURWEST LLC'S RESPONSE TO MOTION TO CLARIFY**                                                        **Page 4**

In the MJSM Cases, Shurwest has taken the position – for reasons articulated below – that the Court's litigation stay prevents those cases from proceeding. The plaintiffs in those cases have largely taken the position that the Court's stay only applies if an FIP Receivership Defendant is a named defendant in the case. All of the MJSM Cases are currently stayed in one form or another.[18] Several of the courts presiding over the MJSM Cases have expressly indicated that they would like guidance from this Court as to the scope of the litigation stay. This filing seeks that guidance.

## Argument and Authorities

The Court should enter an order confirming that the MJSM Cases, all of which involve FIP Receivership Entities MJSM and Schulze-Miller, are stayed. Alternatively, the Court should lift the litigation stay to allow Shurwest to implead MJSM and Schulze-Miller, who are indispensable parties to the MJSM Cases.

*1. The Court should confirm that its stay order applies to the MJSM Cases, which involve MJSM and Schulze-Miller.*

The Court's litigation stay enjoins "all civil legal proceedings of any nature … involving … any of the Receivership Entities."[19] The MJSM Cases plainly involve MJSM and Schulze-Miller, both of whom are FIP Receivership Entities. For example, one complaint describes Schulze-Miller as an "architect[] of the financial planning strategy … involving FIP" and alleges that "Schulze-Miller shared in the commissions from Plaintiff's FIP purchase."[20] Another alleges Schulze-Miller's "recommendation that Plaintiff invest in FIP was negligent."[21] Another alleges that "Schulze-Miller (through MJSM, LLC) received commissions or 'referral fees' of 5% or

---

[18] Some courts have entered express orders of stay, and some courts have simply docketed the cases as inactive.

[19] Doc. 9 at ¶ 13.

[20] Exhibit B at ¶¶ 29, 57 (Ayers).

[21] Exhibit D at ¶ 11 (Burgess).

**SHURWEST LLC'S RESPONSE TO MOTION TO CLARIFY**                                                              **Page 5**

higher on the sales of FIP cash flows."[22] Indeed, the only alleged basis for imputing liability to Shurwest is that Schulze-Miller, who once worked for Shurwest, committed bad acts. The MJSM Cases directly involve FIP Receivership Entities, and the Court should therefore confirm that its litigation stay applies to the MJSM Cases.

The necessary scope of the Court's litigation stay is confirmed by the reality that the MJSM Cases do not just directly involve MJSM and Schulze-Miller, the cases cannot proceed without them. Specifically, MJSM and Schulze-Miller are indispensable parties to the MJSM Cases under Federal Rule of Civil Procedure 19. A party can be indispensable under either Rule 19(a)(1)(A), when complete relief cannot be afforded among existing parties in the absence of joinder, or 19(a)(1)(B), when the party has an interest in the subject matter of the litigation and disposition of the litigation without that party would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Sa v. Kayablian*, No. 18-2366, 2020 WL 355519, at *4 (4th Cir. Jan. 22, 2020) (quoting Fed. R. Civ. P. 19). Shurwest submits that MJSM and Schulze-Miller are indispensable parties to the MJSM Cases under both subsections of Rule 19.[23]

As to the complete relief test under Rule 19(a)(1)(A), courts consistently find that primary participants to alleged misconduct are indispensable. For example, in *Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.*, the court found indispensable a third party who "was a primary participant in the alleged fraudulent acts underlying [the plaintiff's] claims." 149 F.R.D. 185, 188-

---

[22] Exhibit J at ¶ 27 (Metzner).

[23] Of course, ultimate judicial determination of whether MJSM and Schulze-Miller are indispensable parties to the MJSM Cases would be a task for the judges presiding over those cases. But the significant likelihood that those judges would so find – as well as the potential for inconsistent resolutions of the question – weigh in favor of confirming that the Court's litigation stay applies to the MJSM Cases.

89 (D. Minn. 1993).[24] That is true in the MJSM Cases, where MJSM and Schulze-Miller were the primary (indeed, sole) participants in the alleged fraud: "MJSM and FIP established a relationship whereby MJSM would introduce Advisors to FIP."[25] The *Advantek* court also found persuasive the fact that a judgment against the party defendant "might have a preclusive effect on fact issues and [the third party's] rights and liabilities, thus impairing its ability to defend itself against subsequent lawsuits." *Id*. (citing *Acton Co., Inc. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982)). That, too, is true in the MJSM Cases: in the unlikely event that a judgment were entered against Shurwest, that judgment would have preclusive effect on two of the FIP Receivership Entities. The *Advantek* court also found the third party indispensable because if the party defendant "were to lose this litigation, it might pursue a separate action against [the third party] involving some of the same facts and issues that will be considered in this action, frustrating judicial economy." *Id*. That, too, is true here: an unfavorable judgment in any of the MJSM Cases would result in a separate action against MJSM and Schulze-Miller, and multiple unfavorable judgments could result in multiple separate actions. That is anathema to established principles of judicial economy.[26]

---

[24] The *Advantek* court cited several cases to support this proposition, including *Gay v. AVCO Fin. Serv., Inc.*, 769 F. Supp. 51, 56 (D.P.R.1991) (holding that where a third party "is an active participant in the activity alleged as the basis for recovery, the [third party] should be a party to the action.").

[25] Exhibit A at ¶ 8. The plaintiffs in the MJSM Cases ignore this fact and falsely assert that Schulze-Miller was acting as Shurwest's agent when she introduced clients to FIP. Falsity of the allegations aside, when a principal's liability arises from the actions of an alleged agent, the alleged agent is an indispensable party. *Rashid v. Kite*, No. CIV. A. 95-7868, 1997 WL 83741, at *5 (E.D. Pa. Feb. 21, 1997) (finding third party indispensable because "to recover from [defendant] for the alleged breach, Plaintiff will have to establish that [the third party] was [defendant's] agent"); *F&M Distributors, Inc. v. Am. Hardware Supply Co.*, 129 F.R.D. 494, 498 (W.D. Pa. 1990) ("Since American's liability to F & M hinges on F & M's alleged agency with CMI, complete relief cannot be accorded without CMI's legal presence. CMI is a crucial and active participant in the very transaction which F & M claims triggers American's liability."). The Fourth Circuit has cited *F&M* with approval. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 251 (4th Cir. 2000).

[26] Analogous cases abound. For example, where a third party's "alleged conduct is central to the plaintiff's causes of action" and the parties to a case "have a strong interest in avoiding multiple litigation and potential

Unlike a Rule 19(a)(1)(A) analysis, indispensability under Rule 19(a)(1)(B) presents a situation perhaps unique to this case. Specifically, the Court's receiver stands in the shoes of MJSM and Schulze-Miller pursuant to the Court's receivership order, and the receiver appears to have an interest in the subject matter of the MJSM Cases. Just this week, the receiver sent Shurwest's counsel a letter requesting documents relating to Schulze-Miller's contacts with FIP.[27] Should the receiver decide to pursue claims against Shurwest relating to Schulze-Miller's actions, Shurwest could be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" under Rule 19. Shurwest of course denies that it has liability to anyone, including the receiver, and Shurwest will provide the receiver with the requested documents establishing that Schulze-Miller acted independently of Shurwest and for her own personal gain. Nevertheless, until the receiver confirms that he will not pursue any claim against Shurwest, the elements of Rule 19(a)(1)(B) are met, and the MJSM Cases therefore cannot proceed.

Rule 19 is not the only rule justifying application of the Court's litigation stay to the MJSM Cases. MJSM and Schulze-Miller are obviously subject to impleader under Federal Rule of Civil Procedure 14 in the MJSM Cases. And impleader is a fundamental right available to a defending party: "A defendant can always protect itself from the possibility of inconsistent verdicts by impleading the absent party under Rule 14." *Cronin v. Adam A. Weschler & Son, Inc.*, 904 F. Supp. 2d 37, 42 (D.D.C. 2012) (quoting *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d

---

inconsistent relief," the third party is indispensable. *Circle Indus., Div. of Nastasi-White, Inc. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 456 (E.D.N.Y. 1990), aff'd, 931 F.2d 7 (2d Cir. 1991). *See also Carolina Custom Yachts, Inc. v. Branch Bank and Trust Co.*, C.A. No.: 2:08-CV-990-PMD, 2009 WL 10678185 at *3 (D. S.C. Jan. 5, 2009) (third party's extensive participation in the conduct that gave rise to plaintiff's claims favored a finding of indispensability); *In re Toyota Motor Corp.*, 785 F.Supp.2d 883 906 (C.D. Cal. 2011) (finding that indispensability exists "when the absent party is more than a key witness, but also an active participant in the allegations that are critical to the disposition of the litigation") (citing *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999)).

[27] A true and correct copy of that letter is attached as Exhibit N.

496, 503 (7th Cir. 1980)); *see also Heubel Materials Handling Co., Inc. v. Universal Underwriters Ins. Co.*, 704 F.3d 558, 565 (8th Cir. 2013) ("Rule 14 enables a party to avoid the costs and pitfalls associated with litigating multiple suits on the same subject matter, and the attendant possibility of inconsistent verdicts.") (internal quotations and citations omitted); *accord Thompson v. Nationwide Affinity Ins. Co. of Am.*, No. 18-3143-CV-S-SRB, 2018 WL 9945329, at *2 (W.D. Mo. Dec. 12, 2018). Absent the ability to implead MJSM and Schulze-Miller – which ability is foreclosed by the Court's litigation stay – Shurwest would be forced to incur the costs and pitfalls, including the possibility of inconsistent verdicts, in later litigation against MJSM and Schulze-Miller.

Whether analyzed under Rule 19, Rule 14, or under straightforward principles of fundamental fairness, the MJSM Cases cannot proceed without MJSM and Schulze-Miller because MJSM and Schulze-Miller are the sole wrongdoers in those cases, and because the alleged liability on Shurwest turns on whether MJSM and Schulze-Miller were acting on Shurwest's behalf (they most definitely were not) when they lined their own pockets with FIP commissions. As long as MJSM and Schulze-Miller remain in receivership and subject to a litigation stay, all cases "involving" them – including the MJSM Cases – should remain stayed pursuant to the plain language of the Court's receivership order. The Court should enter an order confirming the application of the stay to the MJSM Cases.

> *2. Alternatively, the Court should lift the litigation stay and allow MJSM and Schulze-Miller to be impleaded in the MJSM Cases.*

If the Court declines to confirm that its litigation stay applies to the MJSM Cases, the Court should lift the stay to allow MJSM and Schulze-Miller to be added as parties to those cases. An order lifting the stay to that extent would cure the fundamental unfairness discussed above and would preserve Shurwest's right to defend itself from the claims against it. Such an order would

also, of course, require MJSM and Schulze-Miller to appear and defend themselves in a dozen or more separate cases, resulting in a depletion of their assets that otherwise would be available for the receiver to distribute to FIP's victims. Moreover, if MJSM and Schulze-Miller are ultimately found liable to some or all of the plaintiffs in the MJSM cases, those plaintiffs would obtain recovery for their losses outside the receivership, resulting in a disproportional recovery among various victims. Whether these realities of litigation favor maintaining the stay of the MJSM Cases is perhaps a question for the receiver, but they are the necessary result of the preservation of Shurwest's right to defend itself in those cases.

## Conclusion

The MJSM Cases ask courts across the country to adjudicate the actions of three of the Court's Receivership Entities: a plaintiff's judgment in those cases requires a predicate finding that MJSM, Schulze-Miller, and FIP committed actionable conduct. Such a judgment also requires a secondary (and factually unobtainable) finding that MJSM and Schulze-Miller were somehow acting on Shurwest's behalf, rather than on behalf of themselves and FIP. The MJSM Cases not only "involve" MJSM and Schulze-Miller, MJSM and Schulze-Miller are inexorably intertwined in those cases. As long as MJSM and Schulze-Miller remain subject to the Court's litigation stay, the MJSM Cases should remain stayed. Alternatively, the Court should modify the litigation stay to allow Shurwest to implead MJSM and Schulze-Miller in those cases.

Dated: January 24, 2020                         Respectfully submitted,

     /s/ IS Leevy Johnson
IS Leevy Johnson
Johnson Toal & Battiste, P.A.
1615 Barnwell Street
Columbia, S.C. 29292
(803) 252-9700 (o)
(803) 252-9102 (fax)
islj@jtbpa.com

Jason S. Lewis
*Pro Hac Vice Application Filed*
Texas Bar No. 24007551
Jason M. Hopkins
*Pro Hac Vice Application Filed*
Texas Bar No. 24059969
DLA PIPER LLP (US)
1900 N. Pearl St., Ste. 2200
Dallas, Texas 75201
Telephone: 214-743-4546
Facsimile: 972-813-6267
Jason.Lewis@dlapiper.com
Jason.Hopkins@dlapiper.com

## CERTIFICATE OF SERVICE

     I hereby certify that on the 24th day of January, 2020, the above-entitled document was served on all counsel of record via the Court's CM/ECF system.

     */s/ IS Leevy Johnson*
     IS Leevy Johnson