IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.  6:19-239 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT A. KOHN | ) | |
| FUTURE INCOME PAYMENTS, LLC | ) | |
| JOSEPH P. HIPP | ) | **ORDER** |
| MELANIE JO SCHULZE-MILLER | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| IN RE RECEIVER FOR SCOTT | ) | C.A. No.   6:19-cv-01112-BHH |
| A.KOHN AND FUTURE INCOME | ) | |
| PAYMENTS, LLC, JOSEPH P. HIPP | ) | |
| KRAIG S. AIKEN, DAVID N. | ) | |
| KENNEALLY, and MELANIE JO | ) | |
| SCHULZE-MILLER | ) | |

This matter is before the Court on the United States of America's Motion to Amend the Order of Appointment filed September 1, 2020 ("Motion to Amend").  (Civil Case, ECF No. 41.) On March 12, 2019, a federal grand jury indicted Scott. A. Kohn ("Kohn") and Future Income Payments, LLC ("FIP") for conspiracy to engage in wire and mail fraud related to allegations that Kohn and FIP orchestrated and effectuated a Ponzi scheme.  On July 9, 2019, Joseph P. Hipp ("Hipp"), Kraig S. Aiken ("Aiken") and David N. Kenneally ("Kenneally") were named in a Superseding Indictment.  (Criminal Matter, ECF No. 22.)  As a result of the Superseding Indictment, the Court granted the United States of America's Motion to Amend the Order of Appointment to add Hipp, Aiken and Kenneally as Defendants.   (Civil Case, ECF No. 9.)  On August 11, 2020, Melanie Jo Schulze-Miller ("Schulze-Miller") was named in a Second Superseding Indictment.  (Criminal Matter, ECF No. 219.)  On September 1, 2020, the Court

granted the United States of America's Motion to Amend the Order of Appointment to add Schulze-Miller as a Defendant.  (Civil Case, ECF No. 51.)

On March 27, 2019, the United States moved the Court pursuant to Title 18, United States Code, Section 1956(b)(4)(A), and the Court's inherent equitable powers  for the appointment of a Federal Receiver regarding Kohn and FIP (Criminal Action No.  6:19-cr-00239-BHH).  The Court granted the United States' motion on April 15, 2019, and appointed Beattie B. Ashmore as the Receiver and thereafter amended the Order of Appointment on April 30, 2019, July 18, 2019, March 3, 2020 and September 1, 2020.  After consideration, the Court grants the United States of America's Motion to Amend add the language contained in paragraphs 6 and 17 as well as the addition of paragraph 18 related to attorney client privilege and the FIP Receivership Entities, in addition to other clarifying amendments.

This Order replaces and supersedes the Order of September 1, 2020.

Further, the Court has determined that the individual Defendants used a variety of entities and individuals, including:

Pension, Annuities and Settlements, LLC
FIP, LLC
Future Income Payments, Inc.
AAA Auto Lease to Own Holdings, LLC
Anadolu Trans Gida A.S.
Bally Structured Cash Flows, LLC
Buy Sell Annuity, Inc.
Cash Flow Investment Partners East LLC
Cash Flow Investment Partners LLC
Cash Flow Investment Partners Mideast LLC
Cash Flow Outsourcing Services, Inc.
Computer Supply Corporation
Consolidators Supply Service
DE Computer Supply Corporation
Employment Mobility Fund
EOL Sales and Leasing, Inc.
Georgetown Holdings LLC

Goldyrocks, Inc
Investors Choice Commercial Leasing LLC (ICCL)
Investors Choice Commercial Capital, LLC
Jewels By Kimberly, Inc.
Krishna International Products, Inc.
Leckwith Woods LLC
Legal Cash Flow Solutions
London Square Collections LLC
London Square Specialty Finance LLC
London Square Specialty Services LLC
Lumpsum Pension Advance Atlantic LLC
Lumpsum Pension Advance Southeast LLC
Lumpsum Pension Atlantic LLC
Lumpsum Pension Southeast LLC
Lumpsum Settlement West LLC
Next Merchant Advance LLC
NWP, Inc.
PAS California LLC
PAS Great Lakes LLC
PAS Northeast LLC
PAS Southwest LLC
Pension Advance Carolinas LLC
Pension Advance Midwest LLC
Pension Carolinas LLC
Pension Midwest, LLC
Pensions Loans South, LLC
Pink Wasabe, LLC
QSV Corporation
SK Investments DE, Inc.
SK Judgement Recovery Services
The Judgement Experts
Trade.com Enterprises, Inc.
Vasnani Co.
Western Computers, Inc.
Joseph P. Hipp's Agent Alternatives, LLC
Benjamin A. Geber
MJSM Financial, LLC
Softwind Three Trust
Softwind Three Limited Partnership

In addition, this includes all businesses and/or trusts owned or controlled by Scott A.

Kohn, Joseph P. Hipp, Kraig S. Aiken, David N. Kenneally, Melanie Jo Schulze-Miller and

their subsidiaries, successors and assigns. Collectively, these individuals, entities and

3

Defendants shall be referred to collectively as the "FIP Receivership Entities".

Whereas, the Government asks that the Receiver be vested with full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of the FIP Receivership Entities, marshal and safeguard all of the assets of the FIP Receivership Entities, and take whatever actions are necessary for the protection of the United States and investors.

Whereas, the Court has appointed Beattie B. Ashmore, Esquire, Greenville, South Carolina who the Court finds is eminently qualified to be appointed as Receiver of all of the assets, real and personal properties, books and records, and other items of the FIP Receivership Entities.

Now, Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the appointed Receiver for the FIP Receivership Entities is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates owned, controlled, used, accessed or authorized by or for the benefit of the FIP Receivership Entities, (including assets and property directly traceable to the FIP Receivership Entities that may be in the possession of Kohn, Hipp, Aiken, Kenneally and Schulze-Miller's family members, business associates and acquaintances) that have and continue to receive, withdraw, hold, and /or disburse money on behalf of the FIP Receivership Entities or in the possession of the FIP Receivership Entities of every kind whatsoever and wheresoever located, including, but not limited to, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, pension/annuity certificates or assignments certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the FIP Receivership Entities, wherever situated, and

to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court.

Access to Seized Documents and Property

In the event that any of the foregoing documents or property have been seized by the Federal Bureau of Investigations ("FBI") such authorities are directed to grant the Receiver and his agents full and unfettered access to review and copy such documents and property to permit the Receiver to discharge his duties, subject to the FBI's ability to review, store, and assure said documents are safeguarded for use in future legal proceedings. In addition, the FBI is directed to turn over any and all assets seized from the FIP Receivership Entities directly to the Receiver. Any entity that has possession, custody, or control of any asset of the FIP Receivership Entities is directed to turn over such asset to the Receiver.

2. Investigate the manner in which the affairs of the FIP Receivership Entities were conducted and institute such actions, legal proceedings and/or summary proceedings, for the benefit and on behalf of the FIP Receivership Entities, and their respective investors or other creditors, as the Receiver deems necessary against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated / transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme operated by Defendants, including their respective officers, directors, employees, affiliates, subsidiaries or any persons acting in concert or participation with them, or against any transfers of monies or other proceeds directly or indirectly traceable from investors in FIP; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, and such orders from this Court as

may be necessary to enforce this Order.

3. Present to this Court a report reflecting the existence and value of the assets and liabilities of the FIP Receivership Entities. If the Receiver in executing his duties believes it is in the best interest of all parties and persons affected that certain assets seized should be liquidated prior to a final liquidation of assets in order to maximize the value, the Receiver shall take the necessary steps to liquidate such property. The Court is aware that the Receiver is in the possession of certain assets that may need to be sold forthwith in order to preserve their value. As to these assets, the Receiver is authorized to conduct a sale at his discretion without obtaining a specific order from the Court.

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as he deems necessary and to fix and pay their reasonable compensation and reasonable expenses thereof and all reasonable expenses of taking possession of the FIP Receivership Entities' assets and businesses, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.

5. Engage persons in his discretion to assist him in carrying out his duties and responsibilities as Receiver, including, but not limited to, the United States Marshal's Service or a private security firm.

6. Defend, compromise or settle legal actions, including the instant proceeding, wherein the Defendants, any of the FIP Receivership Entities, and/or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where any Defendant is a nominal party, as in certain foreclosure actions where the action does not affect the assets of the Defendants, the Receiver may file appropriate

pleadings in his discretion.  The Receiver may waive any attorney-client or other privilege held by Defendants or any FIP Receivership Entity; provided, however, that the Court may take action to safeguard any individual privilege held by Scott A. Kohn or any other individual Defendants named in the underlying criminal indictment in the above captioned criminal case, on motion by any such affected individual Defendant and as further set forth herein, if such privilege can be proven to exist in the first instance and is separable from any privilege of the FIP Receivership Entities.

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession, custody or control of any assets or funds, wherever situated, of--or for the benefit of--the FIP Receivership Entities and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary.

8. In the event that the Receiver discovers that funds of persons who have invested in the FIP Receivership Entities, have been transferred to other persons or entities, the Receiver shall recover these funds or apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

9. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, that which are reasonable in discharging his duties as Receiver.

10. Have access to and review all mail except for mail from the Defendants' attorney to Defendant, as more fully set forth in paragraph 24 of this Order.

11. Upon conviction or guilty plea, if such a conviction or guilty plea comes to bear,

do all things necessary, including, but not limited to fashioning and distributing a proof of claim form in order to obtain, collect, analyze, verify and present to the Court information related to the financial loss of victims.

12. Upon entry of an Order of Restitution, if such an order is entered, do all things necessary to effectuate a distribution, including, but not limited to fashioning and submitting a Plan for Claims Administration and Distribution of Proceeds to be approved by the Court; locating, seizing, managing and liquidating, with Court approval, assets held or obtained by the Receiver; and distributing, at the Court's discretion, the corpus of the Receiver Estate to those persons who have met the requirement for and are entitled to restitution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in connection with the appointment of the Receiver provided for above:

13. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to , bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (1) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the FIP Receivership Entities, including subsidiaries and partnerships; or, (d) any of the FIP Receivership Entities' part or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The Parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceedings, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of

this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitations is tolled during the period in which the injunction against commencement of legal proceedings in in effect as to that cause of action.

14. The FIP Receivership Entities and all of their respective directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, sales representatives and other persons who are in custody, possession, or control of any assets, books, records, or other property of the FIP Receivership Entities shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions that have possession, custody or control of any assets or funds in the name of or for the benefit of the FIP Receivership Entities.

15. All banks, brokerage firms, financial institutions, or other business entities that have or may have -- per information provided by the Receiver -- possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of the FIP Receivership Entities or in the name of or for the benefit of individuals known to be working in concert with the FIP Receivership Entities (including those acting in the capacity of investment advisors and insurance agents) shall cooperate expeditiously in providing necessary information and in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver, including but not limited to, placing a freeze on accounts at the Receiver's direction.  Any required disclosure and notification of the Receiver's request for information and/or control of said assets and accounts shall occur in a manner so as not to impede the duties of the Receiver.

16. Unless and as authorized by the Receiver, the FIP Receivership Entities, and their respective principals or anyone purporting to act on their behalf shall take no action on behalf of or for the benefit of the FIP Receivership Entities.

17. The FIP Receivership Entities, and their respective principals, officers, agents, employees, attorneys, attorneys-in-fact, and sales representatives shall cooperate fully with the Receiver, including, if requested, appearing for deposition testimony and producing documents, including, but not limited to emails, billings, statements of accounts, invoices and any documents generated by attorneys for or in connection with the FIP Receivership Entities or paid for by a FIP Receivership Entity, upon two business days' notice (which may be sent electronically or by facsimile), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, or choses in action described above.

18. No person or entity from whom the Receiver seeks invoices, documents, testimony, information, cooperation, or other assistance as set forth in this Order may refuse to provide such documents, testimony, information, cooperation, or other assistance by invoking a privilege allegedly held by any of the FIP Receivership Entities, as the Receiver is presently the holder of any such privilege and may decide whether, when, and how to assert or waive such privilege.  By way of example only, and without limiting the foregoing, any law firm or attorney who has represented any FIP Receivership Entity shall not be entitled to rely upon a privilege allegedly held by a FIP Receivership Entity to refuse providing invoices, documents, testimony, information, cooperation, or other assistance as set forth in this Order. Notwithstanding the foregoing, the Receiver shall not have the ability to assert or waive an

individual privilege held by Scott A. Kohn or any other individual Defendants named in the underlying criminal indictment in the above captioned criminal case, or held by any person or entity that is not a FIP Receivership Entity, provided that any such privilege must be separable from any privilege held by a FIP Receivership Entity and provided that any such privilege may be subject to waiver, including if the allegedly privileged material was shared with any FIP Receivership Entity. The purpose of the foregoing is to clarify and ensure that all persons or entities called upon to provide the Receiver with invoices, documents, testimony, information, cooperation, or other assistance as set forth in this Order understand that the Receiver stands in the shoes of the FIP Receivership Entities and maintains any and all rights that such FIP Receivership Entities have had, including any privileges claimed on behalf of a FIP Receivership Entity. Any attorney/client privilege that any such individual Defendant desires to assert can only be in his or her individual capacity and directly related to the ongoing criminal case that is currently pending. In light of the foregoing, a person or entity from whom the Receiver requests documents, testimony, information, cooperation, or other assistance as set forth in this Order may not withhold such invoices, documents, testimony, information, cooperation, or other assistance on the basis of any privilege without first submitting the legal basis upon which the privilege is asserted, a detailed privilege log to the Receiver and filing a motion for protective order with this Court that includes the documents or other requested materials for *in camera* review by the Court. After affording the Receiver an opportunity to respond, the Court will make a determination of whether a privilege exists that prevents the request. Any such person or entity who has been served with this Order and who fails to submit a privilege log and file a motion for protective order as set forth herein within 21 days of the Receiver's written request shall be deemed to have waived any such privilege.

19. The Receiver, or any counsel who the Receiver may select, is entitled to reasonable compensation from the assets now in the possession or control of, or which may be received by the FIP Receivership Entities; said amount or amounts of compensation shall be commensurate with the duties performed, subject to approval of the Court.

20. During the period of this Receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings that interfere with the discharge of the Receiver's obligations.

21. The Receive is fully authorized to proceed with any filing he may deem appropriate under the Bankruptcy Code as to Defendants.

22. Title to all property, contracts, rights of action, and books and records of the FIP Receivership Entities, and their respective principals, wherever located, is vested by operation of law in the Receiver.

23. Upon request by the Receiver, any company providing telephonic services to the FIP Receivership Entities, shall provide a reference of calls from all numbers presently assigned to the FIP Receivership Entities, to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership.

24. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the FIP Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless otherwise instructed by the Receiver without the need to post a bond or security deposit.

25. The United States Postal Service is directed to provide any information requested

by the Receiver regarding any Defendant, and handle future deliveries of Defendants' mail as directed by the Receiver.  All personal mail or mail to or from the Defendants' attorney will be delivered to the Defendants' attorney by the Receiver.

26. All Clerks of Court for the District Courts of the United States are directed to coordinate with the Receiver to facilitate the filing of notices required by 28 U.S.C. § 754.

27. No bank, savings and loan association, financial institution, or any other person or entity, shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receivers control without the permission of this Court.

28. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by the FIP Receivership Entities, or the Receiver's officers, agents, employees, independent representatives or any other person, by reason of any act or omission by the Receiver in connection with the discharge of his duties and responsibilities hereunder.

29. Service of this Order shall be sufficient if made upon the FIP Receivership Entities or their respective principals electronically, by facsimile, or by overnight courier.

30. The Receiver is ordered to periodically file a Report on his activities with the Court.


IT IS SO ORDERED.

                              s/Bruce H. Hendricks
                              BRUCE HOWE HENDRICKS
                              UNITED STATES DISTRICT JUDGE


Greenville, South Carolina

October 9, 2020